UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| POPULAR LEASING USA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:04CV01812 ERW |
| ) | |
| HIGHLAND PARK, BOROUGH OF, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court upon Defendant's Motion to Dismiss Case [doc. # 12]; Defendant's Motion to Transfer Case to District Court of New Jersey [doc. # 12]; and Plaintiff's Motion to Strike [doc. # 15].

## I. BACKGROUND

Defendant Highland Park is a municipality in New Jersey. In March 2003, Defendant entered into an Equipment Rental Agreement with NorVergence, a New Jersey Corporation, wherein Defendant agreed to lease telecommunications boxes from NorVergence. The boxes, called "Matrix 2001" were supposed to reduce the cost of landline phones, cell phones and high-speed internet. The Rental Agreement contained a provision that indicated NorVergence could assign its rights in the agreement to other parties. Approximately one month after entering into the contract, NorVergence assigned its rights in the contract to Plaintiff Popular Leasing. Popular Leasing is a Delaware Corporation with its principal place of business in St. Louis. The Rental Agreement assigned to Plaintiff Popular Leasing contained a forum selection clause that states:

1

> This agreement shall be governed by, construed and enforced in accordance with the laws of the State in which Rentor's principal offices are located or, if this Lease is assigned by Rentor, the State in which the assignee's principal offices are located, without regard to such State's choice of law considerations and all legal actions relating to this Lease shall be venued exclusively in a state or federal court located within that State, such court to be chosen at Rentor or Rentor's assignee's sole option.

Allegedly, the boxes did not work as promised by NorVergence, and Defendant refused to pay for the service. Plaintiff brought this lawsuit in St. Louis County Circuit Court alleging Defendant breached the Rental Agreement when it refused to pay for the services.

## II. PROCEDURAL HISTORY

Defendant removed the action to this Court based on diversity. On January 3, 2005, this Court granted Defendant's Motion for Mr. Bradley Dowd to Appear Pro Hac Vice. The parties proposed a Joint Scheduling Plan on January 21, 2005. On March 22, 2005, Defendant filed an answer with 11 affirmative defenses. Defendant filed the instant Motion to Dismiss, or in the alternative, Transfer to New Jersey, on July 15, 2005. The Court held a hearing to hear arguments on the pending motions on September 15, 2005. The parties filed additional briefing following the hearing.

## III. MOTION TO DISMISS

Defendant seeks an Order dismissing this action based on this Court's lack of personal jurisdiction. Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, a party may file a motion to dismiss for "lack of jurisdiction over the person." A plaintiff must state sufficient facts in the complaint to show that the defendants can be subjected to jurisdiction in Missouri in order to avoid dismissal on this basis. *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir.

2004) (citation omitted). However, the defense of lack of personal jurisdiction is waived if not made prior to or in a responsive pleading. Fed. R. Civ. Pro. 12(h)(1). Here, Defendant filed its answer on March 22, 2005. It did not raise lack of personal jurisdiction as a defense to Plaintiff's Complaint, and thus, the defense is waived.

## IV. ENFORCEABILITY OF THE FORUM SELECTION CLAUSE

Defendant argues that the forum selection clause is unenforceable. "[A] freely negotiated private international agreement, unaffected by fraud, undue influence, or overweening bargaining power, such as that involved here, should be given full effect." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12-13 (1972). Indeed, when "[t]he choice of that forum was made in an arm's-length negotiation by experienced and sophisticated businessmen, and absent some compelling and countervailing reason it should be honored by the parties and enforced by the courts." *Id*. at 12. Fraud will result in unenforceability of the forum selection clause only "if the inclusion of that clause in the contract was the product of fraud or coercion." *Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P.*, 254 F.3d 753, 757 (8th Cir. 2001) (quoting *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n. 14 (1974)).

This District has repeatedly held that this very forum selection clause is enforceable. *See Popular Leasing USA, Inc. v. Terra Excavating, Inc.*, 2005 WL 1523950 at * 5 (E.D. Mo. June 28, 2005); *Popular Leasing USA, Inc. v. Nat'l. Restoration Systems, Inc.*, Case No.: 4:04CV01629 AGF; *Popular Leasing USA, Inc. v. Mednet Healthcare Technologies, Inc.*, Case No.: 4:04CV01571 JCH; and *Popular Leasing USA, Inc. v. Austin Auto. Warehouse Corp.*, 4:04CV01619 TCM. The Court finds the other courts' opinions persuasive. As in those other cases, Defendant has failed to meet its burden of proving that the forum selection clause is

unenforceable. Although Defendant alleges the agreement was procured by fraud, Defendant does not provide any evidence that the clause itself was included in the contract due to fraud on the part of NorVergence. Thus, the Court finds the clause to be enforceable.

## V. MOTION TO TRANSFER VENUE

Defendant alternatively seeks an Order transferring this action to the District of New Jersey. 28 U.S.C. § 1404(a) governs motions to transfer venue. Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2000).[1] Thus, the court will consider: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. *Terra Int'l., Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). When analyzing the interests of justice, the Court will consider: "(1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine local questions of local law." *Id*. The Court will "give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." *Id*. at 695. However, when evaluating a motion to transfer under 1404(a), "[c]onvenience of the witnesses is a primary, if not the most important, factor." *Biometics, L.L.C. v. New Womyn, Inc.*, 112 F.Supp.2d 869, 876 (E.D. Mo. 2000).

---

[1]As an initial matter, this Court notes that this case "might have been brought" in the District of New Jersey where Defendant Highland Park is located. *See* 28 U.S.C. § 1391(a).

Courts are not limited to the three general principles enumerated in 28 U.S.C. 1404(a); instead, "[a] motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors." *Stewart Org., v. Ricoh, Corp.*, 487 U.S. 22, 29 (1988). "The presence of a forum-selection clause such as the parties entered into in this case will be a significant factor that figures centrally in the district court's calculus." *Id*. "[I]nconvenience to a party is an insufficient basis to defeat an otherwise enforceable forum selection clause." *M.B. Restaurants, Inc. v. CKE Restaurants, Inc.*, 183 F.3d 750, 753 (8th Cir. 1999). "Since it may be assumed that parties consider the inconvenience of the forum at the time they enter a contract, it is 'incumbent on the party seeking to escape his contract to show that [proceeding] in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court.'" *Dominium Austin Partners v. Emerson*, 248 F.3d 720, 726 (8th Cir. 2001) (quoting *M/S Breman*, 407 U.S. at 18). In the other cases in this District involving this forum selection clause, courts have transferred or not transferred cases to other district courts depending on the specific circumstances of the case.[2] *See Popular Leasing USA, Inc. v. Terra Excavating, Inc.*, 2005 WL 1523950 at * 5 (motion to transfer venue was denied); *Popular Leasing USA, Inc. v. Nat'l. Restoration Systems, Inc.*, Case No.: 4:04CV01629 AGF (motion to transfer venue was denied); *Popular Leasing USA, Inc. v. Mednet Healthcare Technologies, Inc.*, Case No.: 4:04CV01571 JCH (motion to transfer venue was granted); and

---

[2]Defendant cites several cases from other jurisdictions with similar factual circumstances relating to these same parties. The Court has reviewed all of these cases, in addition to those relevant cases from this District. However, the standard relating to a motion to transfer venue is clear that each case shall be judged based on its own factual circumstances. *See Stewart Organization, Inc.*, 487 U.S. at 29. Thus, while the Court views these other courts' opinions as persuasive authority, this Court finds that independent analysis is necessary.

*Popular Leasing USA, Inc. v. Austin Auto. Warehouse Corp.*, 4:04CV01619 TCM (motion to transfer venue was denied).

Defendant claims that the convenience factors weigh in favor of transferring the action to New Jersey. It is well established that the party seeking a transfer bears the burden of proving that a transfer is warranted. See *Terra Int'l*, 119 F.3d at 695; *Anheuser-Busch, Inc. v. All Sports Arena Amusement, Inc.*, 244 F. Supp.2d 1015, 1023 (E.D. Mo. 2002); *Brockman v. Sun Valley Resorts, Inc.*, 923 F. Supp. 1176, 1179 (D. Minn. 1996). The Court will address the relevant factors seriatim.

<u>Forum Selection Clause</u>. As discussed above, the forum selection clause in the contract at issue in this case is enforceable. Although this factor is not dispositive, the Court finds this factor clearly favors the denial of Defendant's Motion. Further, since the forum selection clause weighs in favor of the action remaining with this Court, the Court will not transfer the action unless Defendant proves more than inconvenience relating to trying the case in this jurisdiction.

<u>Convenience of Witnesses</u>. Plaintiff has generally alleged that its file documents and witnesses are in the St. Louis area. Defendant alleges that many of its witnesses reside in New Jersey, including: Defendant's signatory to the Rental Agreement, Borough of Highland Park officials who were involved in dealings with NorVergence, the NorVergence signatory to the Rental Agreement, and any of Plaintiff's witnesses from its local New Jersey office. From the specific evidence provided by the parties, the Court finds that the convenience of the witnesses weighs slightly in favor transferring this action to New Jersey.

<u>Convenience of Parties</u>. This factor does not favor either side. It would be more convenient for Plaintiff to try this case in the Eastern District of Missouri and more convenient for Defendant to try it in the Eastern District of New York.

6

Interests of Justice. Defendant argues that transferring this action is in the interests of justice. First, Defendant argues that judicial resources and efficiency weigh in favor of transfer. Specifically, Defendant claims that trying the action in St. Louis would require the cost of the litigation to be borne by the taxpayers of Highland Park. Defendant's argument does not address the interest of judicial economy; instead, it refers to its inconvenience in defending the case in St. Louis. The Court is not persuaded by Defendant's argument.

Next, Defendant argues that the signatories of the two contracting parties are located in New Jersey. Defendant's argument is repetitive of its argument relating to the convenience of witnesses and parties and does not relate to any "interests of justice" factors.

Defendant's final argument is its most persuasive. Defendant claims that witnesses from NorVergence will likely be unwilling to appear at trial, but the District of New Jersey will have subpoena power over them, unlike this Court. The Court agrees that witnesses affiliated with NorVergence will likely not want to testify at trial in this matter. Thus, subpoena power of that court will likely be especially important.[3]

However, the Court must give considerable deference to a Plaintiff's choice of forum. *See Terra Int'l., Inc.*, 119 F.3d at 695. It appears at this stage of the litigation that Plaintiff was properly assigned NorVergence's rights in the Rental Agreement. As discussed above, the forum selection clause in the Rental Agreement is enforceable. Plaintiff's principal place of business is in St. Louis, and the Court is convinced that Plaintiff had its own reasons for filing suit in St. Louis, Missouri and not New Jersey. Because of the concerns about this Court's subpoena power over

---

[3]The Court notes that even if the nonparty witnesses are outside the subpoena power of this Court, *see* Fed. R. Civ. Pro. 45, the parties would still be able to present the deposition testimony of such witnesses. *See* Fed. R. Evid. 804(b)(1). However, the Court recognizes the injustice of Defendant not having the option of presenting live testimony in support of its defenses.

some of the potential witnesses in New Jersey, this Court finds that the interests of justice factors in combination weigh slightly in favor of Defendant.

In conclusion, this Court holds that this action will be transferred to the District of New Jersey. Defendant has met its burden of proving transfer is warranted. The primary factor of convenience of witnesses weighs slightly in favor of Defendant. Likewise, transfer will be in the interests of justice. The Court finds that because potential witnesses from NorVergence are outside the subpoena power of this Court, Defendant would be unable to present live testimony in support of its defenses related to fraud. Indeed, for all practical purposes, Defendant would be "deprived of [its] day in court" if the action were to remain in St. Louis. *See Dominium Austin Partners*, 248 F.3d at 726.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Case [doc. # 12] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Transfer Case to District Court of New Jersey [doc. # 12] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike [doc. # 15] is **DENIED as MOOT**.

Dated this 22nd day of December, 2005.

*/s/ E. Richard Webber*
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE